IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## STATE OF TENNESSEE v. VICKIE SWIFT

**Appeal from the Circuit Court for Blount County**
**No. C-11728     D. Kelly Thomas, Jr., Judge**

_____

**No. E2002-01093-CCA-R3-CD**
**March 18, 2003**
_____

The defendant, Vickie Swift, was convicted of one count of theft over $1000. The trial court imposed a sentence of three years to be served on probation. Later, probation was revoked. In this appeal, the defendant asserts that the trial court erred by revoking her probation and ordering her incarcerated for the balance of her sentence.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Mack Garner, District Public Defender, for the appellant, Vickie Swift.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlan, Assistant Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 18, 1999, the defendant pled guilty to theft of property valued at greater than $1000. The trial court imposed a sentence of three years to be served on supervised probation. In December 1999, a probation violation report was filed after the defendant tested positive for cocaine and failed to enroll in a drug treatment program. One month later, a second violation report was filed when the defendant, who had been arrested for prostitution, failed to report that arrest to her probation officer. In October 2000, the trial court revoked the defendant's probation and ordered her to serve thirty days in jail. Ten days after being released from jail, the defendant was arrested for public intoxication. She was arrested twice in April 2001 for alcohol related offenses and failed to complete a drug and alcohol abuse treatment program.

At the hearing, the defendant admitted her arrests for prostitution and public intoxication. She explained that the public intoxication convictions were the result of depression. The defendant

claimed that after her father's death, she quit taking her medication and "turn[ed] to alcohol." She contended that she failed to attend alcohol and drug treatment classes because she had surgery to remove part of her lung and had been in the hospital for eleven days. The defendant also attempted to excuse her violations by pointing out that she had pleurisy and suffered from bipolar disorder. She asked that she be allowed to remain on probation so that she could take care of her fiancé, who suffered from several medical problems. While acknowledging that she remained in the company of other prostitutes, the defendant argued that she was "too sick to be in jail" and promised to take her medications and refrain from the use of alcohol and drugs.

Sue Littlejohn, the defendant's probation officer, testified that while the defendant had made some progress, she was "very difficult to supervise." It was her opinion that the defendant's continued criminal activity had a debilitating effect on her fiancé. Ms. Littlejohn explained that the defendant had "significant psychological problems."

The trial court revoked the defendant's probation, finding that although "[t]here's no question that [the defendant] would benefit from treatment, . . . her inability to follow treatment recommendations, make her treatment in the community something that's just not realistic and certainly isn't effective." The trial court recommended that the Department of Correction place the defendant in a special needs facility so that she could receive both medical and psychological treatment while in prison.

The defendant concedes that the trial court properly revoked her probation but argues that the trial court erred by ordering her to serve the entire balance of her sentence in confinement. The defendant contends that the trial court should have reinstated her probation, ordered placement in a community corrections program, or imposed a sentence of split confinement.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this instance, the defendant has been unable to establish that the trial judge did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant acknowledged that she had violated the terms of her probation and had relapsed into alcohol use. When a defendant has violated the terms of probation, trial courts may order incarceration for the entire balance of the sentence. Tenn. Code Ann. §§ 40-35-310, -311(e)

(Supp. 2001). The trial court's determination that the defendant serve a sentence of incarceration will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82.

The defendant had several opportunities to rehabilitate her conduct. Because she repeatedly violated the terms of her probation, the trial court did not abuse its discretion by ordering incarceration.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE